# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,      )
                                )
vs.                             )      Case No.  4:10CR24JCH(MLM)
                                )
YURIY SHRIFTEYLIK,              )
                                )
    Defendant.      )

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the Motion of defendant Yuriy Shrifteylik to Sever Trial from that of Codefendant David Ryan Hunt. [Doc. 23 and Supporting Memorandum Doc. 24] The government filed a written Response. [Doc. 30] A hearing was held on February 9, 2010 at which defendant Shrifteylik waived the filing of pretrial motions except the Motion for Severance.  The parties argued the Motion at length.

Defendant has moved for severance of defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure.  In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict."  United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982).  In determining before

trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment. Id. at 655; United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In this case, the actions of the defendants are factually interrelated. Both defendants are charged with a conspiracy to give and accept bribes in connection with the making of loans at Commerce Bank, where defendant Hunt was employed. Defendant Shrifteylik is charged in Count 2 with giving of something of value to his co-defendant in connection with a loan and in Count 3 defendant Hunt is charged with accepting that payment in connection with the making of the loan. The remaining Counts charge only defendant Shrifteylik with Bank and Wire fraud in connection with loans obtained from Commerce Bank.

"When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 577; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 116 S.Ct. 581 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would

result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant factors cannot be fully evaluated until during trial, <u>e.g.</u>, the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. <u>United States v. Sazenski</u>, 833 F.2d 741, 745-46 (8th Cir. 1987), <u>cert. denied</u>, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." <u>United States v. Stephenson</u>, 924 F.2d 753, 761 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 63 (1991); <u>United States v. Drew</u>, 894 F.2d 965, 968 (8th Cir.), <u>cert. denied</u>, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." <u>Zafiro</u>, 506 U.S. at 540. <u>See also</u> <u>Layton v. South Dakota</u>, 918 F.2d 739, 744 (8th Cir. 1990), <u>cert. denied</u>, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, <u>United States v. Pou</u>, 953 F.2d 363, 369 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, <u>United States v. Pecina</u>, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, <u>United States v. Sparks</u>, 949 F.2d 1023, 1027 (8th Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." <u>United States v. Garret</u>, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial <u>per se</u>." <u>Zafiro</u>, 506 U.S. at 538.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance.  United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991).  "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

A joint trial would not deprive defendant of his right to ten peremptory jury challenges.  Defendant has no such unqualified right.  Rule 24(b) of the Federal Rules of Criminal Procedure states that "the defendant or defendants jointly [are entitled] to ten peremptory challenges." (emphasis added)  In addition, the evidence in this case is not complex or confusing such that the jury will be unable to make a determination about the separate guilt of each defendant.

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify.  An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony.  In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance.  If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant.  Bruton, 391 U.S. at 136 (1968).  However, such

prejudice may be avoided by the redaction from the confession of any reference to the co-defendant.  United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982).

The Supreme Court held in Bruton v.  United States, 391 U.S. 123 (1968), that in a trial where two or more defendants are tried jointly, the admission of a non-testifying co-defendant's confession that expressly implicates the defendant violates the defendant's Sixth Amendment confrontation rights, even if the district court gave the jury limiting instructions to consider the confession only against the co-defendant who confessed.  Id.  at 126; United States v. Melina, 101 F.3d 567 (8th Cir. 1996);  United States v.  Escobar, 50 F.3d 1414, 1422 (8th Cir.  1995).  "If a co-defendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession. United States v.  Flaherty, 76 F.3d 967, 972 (citing Richardson v.  Marsh, 481 U.S. 200, 211 (1987)).  In addition, Bruton does not apply at all when a co-defendant's statements do not incriminate the defendant either on their face or when considered with other evidence.  Escobar, 50 F.3d at 1422.

In the present case co-defendant Hunt made several statements which are attached to defendant's Motion as Exhibit A.  The statements are incorporated by reference as if fully set out herein.  The first statement is a one page, handwritten statement made on July 9, 2008 which was witnessed by two Commerce Bank officials.  It discusses the circumstances surrounding the signing of the loan documents for Commerce Bank loan 9003.  At another time defendant Shrifteylik

admitted to Commerce Bank officials that he signed the name of the borrower on the loan papers.

The second statement is a two page, handwritten statement made by defendant Hunt to Commerce Bank officials on July 10, 2008. This statement gives more details surrounding the making of the four loans at issue in this Indictment.

The third statement in question is a nine page FBI Form 302 reflecting an interview of defendant Hunt by two FBI agents on July 15, 2008. In this document the business relationships between defendant Hunt, defendant Shrifteylik and "V.P." are developed in more detail.

The final statement at issue is a two page, handwritten statement given by defendant Hunt to the FBI on July 15, 2008. This statement provides more information concerning how Hunt met V.P. and how V.P. introduced defendant Hunt to defendant Shrifteylik and others. <u>See</u> Doc. 23, Exhibit A and the Government's Response, Doc. 30 at 4-6.

Obviously the admission of evidence and the determination of which parts of the statements may include hearsay is strictly a matter for the District Court. For purposes of this Report and Recommendation, the only issue is whether or not the trial of defendant Shrifteylik should be severed from the trial of defendant Hunt.

Defendant asserts that in this case a joint trial would be prejudicial to him because the government will seek to introduce the statements of co-defendant Hunt and co-defendant Hunt may not testify and therefore would not be subject to cross examination. The starting point for this analysis begins with <u>Bruton v. United States</u>, 391 U.S. 123, 126 (1968). <u>Bruton</u> involved two defendants accused of

participating in the same crime and tried jointly before the same jury. One of them had confessed. The confession named and incriminated the other defendant. The court issued a limiting instruction which told the jury it should consider the confession as evidence only against the co-defendant who had confessed and not against the defendant named in the confession. Bruton held that, despite the limiting instruction, the Constitution forbids the use of such a confession in the joint trial. In Bruton, the Supreme Court said:

> [T]here are some contexts in which the risk that the jury will not, or can not, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system can not be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect. . . .the unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross examination.

Bruton, 391 U.S. at 135-136 (citations omitted).

The case of Richardson v. Marsh, 481 U.S. 200 (1987) limited Bruton's scope. Williams and Marsh were jointly tried for murder. Williams' confession was redacted so as to "omit all reference to Marsh." As redacted, the confession indicated that Williams and a third party discussed the murder in the front seat of a car in which they traveled to the victim's home. Later, however, Marsh testified she was in the back seat. In that context, the confession could have helped convince the jury that Marsh knew about the murder in advance and had knowingly participated. The Richardson court held that this confession fell outside Bruton's scope and was admissible (with appropriate limiting instructions) at the joint trial. The court

distinguished <u>Bruton</u> as a confession that was "incriminating on its face." <u>Bruton</u>, 481 U.S. at 208. On the other hand, Williams' confession amounted to "evidence requiring linkage" in that it became incriminating as to Marsh "only when linked with evidence introduced later at trial." <u>Richardson</u>, 481 U.S. at 204. The court held:

> that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

<u>Richardson</u>, 481 U.S. at 211. The <u>Richardson</u> court expressed no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun.

The government argues that <u>Richardson</u> should govern the instant case. Here, the introduction of Hunt's statements at a joint trial would deprive defendant Shrifteylik of his Sixth Amendment rights under the Confrontation Clause because there is no possible way Hunt's statement could be redacted to eliminate not only defendant Shrifteylik's name, but any reference to his existence. <u>Richardson</u>, 481 U.S. at 211. Redaction is insufficient when it can not remove the serious risk that a joint trial would compromise the defendant's right of confrontation. <u>Gray v. Maryland</u>, 523 U.S. 185 (1998). In <u>Gray</u>, the prosecution "redacted the co-defendant's confession by substituting for defendant's name in the confession a blank space or the word 'deleted'." <u>Gray</u>, 523 U.S. at 188. The court found no significant legal difference and that <u>Bruton</u>'s protective rule applied.

The redaction of defendant Shrifteylik's name from Hunt's statements would make the statements practically unintelligible and could not remove the prejudice

to defendant Shrifteylik even where Hunt's statements are indirect. As noted by defendant in his Memorandum, there over 80 instances in which defendant Shrifteylik is directly named in the statements. The conduct of the two defendants is inextricably intertwined. There is no way the statements could be altered to remove all direct and indirect references to defendant Shrifteylik without materially altering the substance of the statements. A juror who "wonders to whom the [redaction] might refer need only lift his eyes to [the defendant] sitting at counsel table, to find what will seem the obvious answer." Gray, 523 U.S. at 193.

The trial court must weigh the potential for prejudice to a particular defendant caused by joinder against considerations of a judicial economy. United States v. Anthony, 563 F.2d 533, 538 (8th Cir. 1977).

In this case, the statements of co-defendant Hunt, if he should elect not to testify, directly, indirectly and repeatedly implicate defendant Shrifteylik. The risk for prejudice is unacceptable when there are only two individuals charged in the conspiracy, and only two defendants sitting at the table in the courtroom. As in Gray, what redacted name other than that of defendant Shrifteylik could the jury possibly infer under these circumstances? There is no way co-defendant Hunt's statements could be redacted to "omit all reference" to defendant Shrifteylik's existence such that Richardson should apply. Even if some other evidence would have to be linked in order completely to incriminate defendant Shrifteylik, the statements would so obviously refer to defendant Shrifteylik and would "involve inferences that a jury ordinarily could make immediately" that co-defendant Hunt's statements fall into the class of statements that require severance. See, Gray, 523

U.S. at 196.  The interests of judicial economy - -  separate trials of only two defendants - - can not outweigh the risk of prejudice to defendant Shrifteylik.

At this time of course the court is not sure whether both defendants will elect to go to trial.  The decision on severance may be more appropriately made at the time of trial.  If both defendants elect a trial, this court recommends that the defendants be severed and that each have a separate trial.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion of Defendant Shrifteylik to Sever Trial from that of Codefendant David Ryan Hunt be **GRANTED**. [Doc. 23]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of February, 2010.